UNITED STATES of America,
Plaintiff,

v.

PIONEER MOTOR SERVICE, INC.,
Defendant.

UNITED STATES of America,
Plaintiff,

v.

David D. WALKER, Defendant.

UNITED STATES of America,
Plaintiff,

v.

Julius GOTTLIEB, Defendant.

Nos. 3802-1224 to 3804-1226.

United States District Court
S. D. Illinois, N. D.

May 8, 1962.

Edward R. Phelps, U. S. Atty., Springfield, Ill., Charles Langdon Wroton, Interstate Commerce Commission, Chicago, Ill., for plaintiff.

Isador I. Katz, Reidy, Katz, McAndrews, Durkee & Telleen, Rock Island, Ill., for defendants.

MERCER, Chief Judge.

The above cases were heard by the Court, jury trial having been waived. The evidence discloses that Pioneer Motor Service, Inc., hereinafter called "Pioneer", is a common carrier of property by motor vehicle in interstate commerce and was such on, and before, the 19th day of October, 1959. As a common carrier it was under the jurisdiction of, and subject to regulations by, the Interstate Commerce Commission, hereinafter called the "Commission", as respects, among other things, qualifications of employees and safety of operation and equipment (49 U.S.C.A. § 304(a) (1)).

The Commission or its duly authorized special agents, accountants, or examiners, at all times have access to and authority to inspect and examine all equipment of motor carriers, and authority to inspect and copy any and all accounts, books, records, memoranda, correspondence, and other documents of such carriers (49 U.S.C.A. § 320(d)).

The evidence discloses that on Monday, October 19, 1959, a combination motor vehicle consisting of tractor and trailer, bearing company numbers 586 and 505, respectively, owned and being operated by Pioneer, was inspected by the Commission's District Supervisor Cich at the

State of Illinois' weigh scales station at Silvis, Illinois, in Rock Island County. Certain defects in the braking system on each unit, discovered by Cich and observed by the driver, codefendant David Walker, resulted in Cich declaring each unit out of service. He placed in a conspicuous location on each unit an appropriate out-of-service sticker and notified the driver and, later by telephone, codefendant Gottlieb, that neither unit was to be moved until correction of the indicated defects and removal of the out-of-service notices. Upon instructions from Gottlieb, Walker, prior to any attempt to correct the indicated defects in either unit and prior to removal of the out-of-service notices, drove the motor vehicle some nine miles from Silvis back to Rock Island for repairs at Pioneer's terminal, after which he completed his run to Chicago that same day.

The evidence discloses that at the occurrence in question, on October 19, 1959, the driver, defendant Walker, produced and handed to the examiner two freight bills indicating that trailer no. 505 had been loaded on Saturday, October 17, 1959, at Riverdale, Iowa, with two shipments of aluminum products to be transported for Alcoa Aluminum Company of America to consignees at Matteson and Chicago, Illinois. The freight bills were produced by Walker at the time Cich asked him what he was hauling. Walker testified that he had assumed, without checking, that he was hauling the aluminum products described by the freight bills which he presented to Cich upon demand.

Codefendant Gottlieb testified that one of the two shipments of aluminum products was delivered at Chicago on Sunday, October 18, the day before the inspection, and the second shipment was delivered there on trailer no. 505 on October 20, the day after the inspection. He further testified that trailer no. 505, when inspected, "probably" was hauling a load of paper products to Chicago in an intrastate movement.

The evidence discloses that the vehicles were loaded with aluminum in interstate commerce, but in the view that I take of the case it is wholly immaterial as to whether or not the vehicles were empty or whether they were transporting a commodity in intrastate commerce.

We have here involved a for-hire motor carrier regularly engaged in transportation in interstate commerce and the motor vehicles were so used. If that vehicle, at the time of this violation, was empty or was engaged in intrastate commerce or if its contents, its origin and destination were unknown, is wholly immaterial.

Section 203(a) (19) of the Interstate Commerce Act (49 U.S.C.A. § 303(a) (19)), provides as follows:

> "The 'services' and 'transportation' to which this part applies include all vehicles operated by, for, or in the interest of any motor carrier * * * and used in the transportation of * * * property in interstate or foreign commerce or in the performance of any service in connection therewith."

The principal question involved herein is whether or not a vehicle being used to transport property in intrastate ·commerce can be a vehicle used in the transportation of property in interstate commerce.

The defendant would construe the word "used" in interstate commerce as equivalent to only while being so used. To place this construction upon the language of Congress would be a limitation which the Congress saw fit not, to impose. To construe "used" in such manner that the fair standards of safe maintenance and operation normally applicable to a vehicle, as one used in interstate commerce, may or may not apply at various hours of the day or various days of the week, depending upon the points of origin and destination of a single lading, would appear to be a disservice to the need for public safety upon the highways, to produce a limitation on the applicability of the safety regulations not imposed by the legislators, and to allow a particular shipment to characterize the entire use of the vehicle.

It is more reasonable and in conformity with the expressed Congressional intent, to give "used" its fair, ordinary meaning. The proof shows that the vehicle in question is one so used in the transportation of property in interstate commerce and in my opinion that is all that is required to bring it within the jurisdiction of the Commission and to subject the operator thereof to the Commission's safety regulations.

Argument is also made that the evidence of the Commission's jurisdiction over vehicles and facilities used sometimes in interstate, and other times intrastate, commerce is in effect the regulation of intrastate commerce. That argument has no validity and there appears to be no doubt that the interstate commerce commission has full power over the regulation of both vehicles and facilities of common carriers engaged in interstate commerce. To the extent that such regulation of interstate vehicles and facilities affects strictly intrastate matters, this effect is incidental.

I find, therefore, that such safety regulations apply to the vehicles so used whether or not at the time of inspection it was empty, transporting a commodity solely in intrastate commerce, loaded with an unidentified cargo moving between unknown points or was unengaged in any operation.

In Case No. 3802, I find the issues in favor of plaintiff in Counts I, III, and IV, and in favor of defendants in Counts II, V, and VI. It is ordered that defendant, Pioneer Motor Service, Inc., pay a fine in the sum of $100.00 to United States of America and costs of suit under Count I; that defendant, Pioneer Motor Service, Inc., pay a fine of $100.00 to United States of America and costs of suit under Count III, $75.00 of said fine to be suspended; that defendant, Pioneer Motor Service, Inc., pay a fine of $100.00 to United States of America and costs of suit under Count IV, $50.00 of said fine to be suspended.

In Case No. 3803, I find the issues in favor of plaintiff in Counts I and II. It is ordered that defendant, David D. Walker, pay a fine of $100.00 to United States of America on each Count, and costs of suit. It is further ordered that said fines be and the same are hereby suspended, said defendant to pay the costs.

In Case No. 3804, I find the issues in favor of plaintiff. It is ordered that defendant, Julius Gottlieb pay a fine of $100.00 to United States of America, $50.00 of said fine to be suspended, and that he pay the costs of prosecution.

This opinion constitutes findings of fact and conclusions of law.